# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MELODIE DELISE TURNER,

   Plaintiff,

v.

SAM'S EAST, INC.,

   Defendant.

Case No. 18-10966
Hon. Terrence G. Berg

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, Sam's East, Inc. moves this Court for a Protective Order to protect Defendant's proprietary information. Dkt. 15; *see e.g.*, Fed. R. Civ. P. 26(c). Plaintiff opposes this request, alleging that Defendant has failed to show good cause for the order, and that Defendant has presented no authority supporting a protective order. Dkt. 16. Because Defendant has demonstrated good cause, and for the reasons outlined below, this Court GRANTS Defendant's Motion for Protective Order.

### I. Background

Defendant seeks a protective order to "ensure that proprietary information is not revealed to the general public." Dkt.15, PageID.89. In a joint discovery telephonic conference on July 13, 2018, this Court requested counsel from both sides attempt to come

to an agreement about a protective order. The Court directed the parties to tailor the protective order as narrowly as possible while still protecting proprietary information about Defendant's T-Pole, store manuals and policies, and private information of customers and employees. The Court asked parties to attempt to come to agreement on a proprietary order that is appropriate for this particular case.

Then, in a telephonic conference on September 4, 2018, parties informed the Court that they were unable to stipulate to a protective order. Plaintiff's counsel remained reluctant to agree to a protective order that he believed lacked legal basis and included unnecessary sanctions. Defendant's counsel countered that they are reluctant to reveal proprietary information about where security cameras are hidden in their stores. Defendant's counsel also said they were concerned about embarrassing the other people or customers in the video. The Court then ordered Defendant to file a motion for protective order with the protective order attached, and gave Plaintiff a timeline for response, if Plaintiff had any objections to the filing.

Defendant filed a motion for protective order on September 7, 2018 and included in its motion a timeline of dates on which counsel from both sides met and conferred or otherwise discussed this issue. Dkt. 15, PageID.89–92. This showing satisfies the requirement of

Fed. R. Civ. P. 26(c) that any motion for protective order includes a showing of an attempt to meet and confer. Plaintiff filed a response in opposition to the motion on September 12, 2018, and Defendant filed a reply to that response on September 14, 2018. Dkts. 16 & 17.

Defendant argues that good cause exists to issue a protective order on three different grounds. First, Defendant seeks to have "store manuals, and training policies regarding the T-Pole protected from disclosure" because Defendant has "expended significant resources developing safety policies and procedures." Dkt. 15, PageID.101–02. Defendant wishes to prevent this information from falling in to the hands of competitor stores. Second, Defendant seeks to prevent disclosure of "store surveillance footage" in order to prevent would-be burglars from determining the secret locations of surveillance cameras in their stores. *Id.* at PageID.102. Defendant also cites the need to protect the privacy of "innocent third parties that are not involved in any way with this litigation," who may be identifiable in the surveillance footage. *Id.* Lastly, Defendant opposes disclosing the "private information of Defendant's customers that have had previous claims against Sam's Club and current and former employees[,]" because such a disclosure would "violate each of these individual's privacy." *Id.* Defendant argues that revealing the personal and contact information of these people "could expose [them] to unwanted scrutiny[.]"

In response, Plaintiff argues that Defendant has failed to show good cause for a protective order. Plaintiff contends that Defendant has failed to demonstrate a particular need for protection, and has only made broad allegations of harm, unsubstantiated by specific examples or articulated reasoning. *See Cippolone et al. v. Liggett Group et al.*, 785 F.2d 1108 (3d Cir. 1986); *United States v. Garrett*, 571 F.2d 1323, 1326, n.3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). Plaintiff argues that she has never sought any private information of Defendant's customers or employees, calling this allegation "pure fantasy." Plaintiff argues that Defendant failed to file any affidavit to support the idea that disclosure of the surveillance footage would reveal the location of their security cameras, leaving them more vulnerable to theft. Plaintiff asserts that, "[w]here the Defendant bears the burden of persuasion, certainly more is required than a bare assertion of Defense counsel." Dkt. 16, PageID.159.

## II. Standard of Review

The court may issue a protective order to prevent a party's proprietary information from public disclosure. Fed. R. Civ. P. 26(c)(1). To achieve a protective order the moving party must file a motion with the court showing that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to

resolve the dispute without court action." *Id*. The movant must show good cause that the protection requested is merited and necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id*.

### III. Analysis

> The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*Hoffman v. City of Royal Oak*, No. 14-CV-12237, 2015 WL 1885972, at *5 (E.D. Mich. Apr. 24, 2015) (quoting *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 338–39 (N.D. Cal. 1985).

The instant issue is not an extraordinary situation, and it does not implicate truly significant interests. The information that Defendant seeks to protect as confidential is clearly within the realm of information that the Court would expect a corporation to attempt to keep from broad public disclosure: proprietary information about

the T-Pole, store surveillance footage and information, and personal information of customers and employees. Notably, Defendant is not seeking to exclude these items from litigation. Rather, Defendant wants to limit Plaintiff's use of these items to the present legal action, and ensure that this information is not disclosed to the public in some manner outside of its use in this litigation. Defense counsel's representation that information concerning the T-Pole is "proprietary" sufficiently establishes that there is a business interest in maintaining its confidentiality. Furthermore, that surveillance footage from within a store reveals the location of at least one furtively-placed security camera is plain and obvious—an affidavit is unnecessary to establish that fact. Likewise, persons who are not parties to this action deserve privacy, and their information should be protected.

Defendant's request that the above-mentioned information remain protected during the pendency of this case, and not be used for any other purpose than this case, is reasonable and supported by common practice as well as the Federal Rules of Civil Procedure and case law.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for a protective order is GRANTED.

**SO ORDERED.**

| | |
|---|---|
| Dated: November 20, 2018 | s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on November 20, 2018.

s/A. Chubb<br>Case Manager